1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JAMES SUTHERLIN,                    )          3:08-CV-640-LRH (RAM)
                                    )
            Plaintiff,              )     **REPORT AND RECOMMENDATION**
                                    )     **OF U.S. MAGISTRATE JUDGE**
      vs.                           )
                                    )
BRUCE BANNISTER, et al.,            )
                                    )
            Defendants.             )
                                    )
_____     )

            This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

            Before the court is Defendants' motion to dismiss.  (Doc. #14[1].)  Plaintiff has opposed the motion (Doc. #34), and Defendant has replied (Doc. #35). Also before the court is Plaintiff's motion for a preliminary injunction (Doc. #8), to which the Defendants have opposed (Doc. #23) and Plaintiff has replied (Doc. #33).  After a thorough review of the arguments and the relevant legal authority, the court recommends that both motions should be denied.

## **I. BACKGROUND**

            At all relevant times, Plaintiff was in custody of the Nevada Department of Corrections as an inmate at Northern Nevada Correctional Center (NNCC).  (Pl.'s Compl. (Doc. #1-2) 1.) Defendant Bannister is the NDOC Medical Director, and Defendants Gedney, Johns, and Mar are physicians at NNCC.

/ / /

_____

[1]Refers to the court's docket number.

1   According to this civil rights complaint brought pursuant to 28 U.S.C. § 1983, Defendants
2   have failed to refer Plaintiff to a surgeon to repair an inguinal hernia that he has had since 2006
3   or to otherwise treat his condition. (*Id.* at 3.) Based on this allegation, Plaintiff states an Eighth
4   Amendment claim for deliberate indifference to his serious medical needs.  He seeks injunctive
5   relief, as well as costs and compensatory damages. (*Id.* at 6-7.) Defendants argue that Plaintiff
6   has not stated a cognizable Eighth Amendment claim and that they are entitled to qualified
7   immunity.

8       In the second motion before the court, Plaintiff seeks preliminary injunctive relief
9   requiring the prison to provide him with immediate surgery for his hernia at a hospital outside
10  the prison.  In particular, he alleges that his hernia is "slow leaking posin, bacterial products into
11  my inner body cavity and causes my kidneys to work extremely hard to maintian puridy of my
12  blood" (sic).  (Pl.'s Mtn. for Prelim. Inj. (Doc. #8) 2.)  As a result, Plaintiff alleges that he is
13  experiencing significant pain in the area of his lower body cavity.

14  ## II. LEGAL STANDARD

15  **1.      Motion to Dismiss**

16      Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure
17  to state a claim upon which relief can be granted.  All allegations of material fact are construed
18  in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as
19  true.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  The plaintiff need only give
20  defendants a fair notice of what the claim is and the grounds upon which it rests.  *Erickson v.*
21  *Pardus*, 127 S.Ct. 2197, 2200 (2007).  A Rule 12(b)(6) dismissal may arise from lack of a
22  cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Johnson*
23  *v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Balistreri v.*
24  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  "Conclusory allegations of law and
25  unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
26  claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). At minimum, the complaint
27  should plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*

28

2

1 | *v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

2 | A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

3 | than a formal pleading drafted by a lawyer. *Erickson*, 127 S.Ct. at 2200 (quoting *Estelle v.*

4 | *Gamble*, 429 U.S. 97, 106 (1976)). The court must construe the pleadings liberally and afford

5 | the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

6 | However, sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634

7 | (9th Cir. 1988). In giving liberal construction to a pro se civil rights complaint, the court is not

8 | to supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of*

9 | *the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

10 | **2.      Motion for Preliminary Injunction**

11 | A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

12 | as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008)

13 | (citations and quotation omitted). Instead, the court must "balance the competing claims of

14 | injury and . . . the effect of the granting or withholding of the requested relief." *Winter v.*

15 | *Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting

16 | *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). A

17 | plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success

18 | on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not

19 | granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public

20 | interest. *Id.* (citations omitted).[2]

21 | / / /

22 |

23 | [2] Before *Winter*, the courts in this circuit applied an alternative, "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength

24 | of another. *See Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the viability of the balancing approach. *Winter*, 129 S.Ct. at 392 (Ginsburg, J., dissenting)

25 | ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that

26 | formulation, and I do not believe it does so today."). In any event, the court will require Plaintiff to make a showing on all four of the traditional preliminary injunction requirements. Applying the balancing approach here

27 | would not lead to a different result, as Plaintiff has not made a strong showing on any single factor for injunctive relief. *See infra*.

28 |

1   The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective

2   relief to be granted to an inmate litigant challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than
> necessary to correct the harm the court finds requires preliminary relief, and be
> the least intrusive means necessary to correct that harm.  The court shall give
> substantial weight to any adverse impact on public safety or the operation of a
> criminal justice system caused by the preliminary relief and shall respect the
> principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the equity

jurisdiction of federal courts and to protect the bargaining power of prison administrators – no

longer may courts grant or approve relief that binds prison administrators to do more than the

constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir.

2000).

### III. DISCUSSION

**1.   MOTION TO DISMISS**

**A.   Eighth Amendment**

A prisoner can establish an Eighth Amendment violation arising from deficient medical

care if he can prove that prison officials were deliberately indifferent to a serious medical need.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A finding of deliberate indifference involves the

examination of two elements: the seriousness of the prisoner's medical need and the nature of

the defendant's responses to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

1992).  A "serious" medical need exists if the failure to treat a prisoner's condition could lead

to further injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S.

at 104).  Examples of conditions that are "serious" in nature include an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment, a medical

condition that significantly affects an individual's daily activities, or the existence of chronic and

substantial pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th

Cir. 2000).

If the medical needs are serious, the plaintiff must show that the defendants acted with

deliberate indifference to those needs. *Estelle*, 429 U.S. at 104.  The plaintiff must demonstrate

4

1  that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer*

2  *v. Brennan*, 511 U.S. 825, 837 (1994). "Prison officials are deliberately indifferent to a prisoner's

3  serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment"

4  or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs

5  of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt v. Dental Dept.*,

6  865 F.2d 198, 201 (9th Cir. 1989) (citations omitted).   "Deliberate indifference entails

7  something more than mere negligence." *Farmer*, 511 U.S. at 835-36.  Instead, it is only present

8  when a prison official "knows of an disregards an excessive risk" to an inmate's health and

9  safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511

10  U.S. 825, 858 (1994)).

11          Defendants make three arguments for their contention that Plaintiff has failed to state

12  a cognizable claim.  First, they allege that there is no authority for the proposition that a

13  conservative treatment plan for an inguinal hernia amounts to deliberate indifference. (Def.'s

14  Mtn. to Dismiss (Doc. #14) 3, 4.) While this may be true, it does not lead to the conclusion that

15  the failure to prescribe surgery is *never* a constitutional violation. *See Delker v. Maass*, 843

16  F.Supp. 1390, 1400 (D.Or. 1994) (holding that while prison officials need not "provide surgery

17  for every hernia, . . . they must give due consideration to the unique facts of each case").

18  Moreover, Defendants misconstrue the claim.  Plaintiff never alleges that withholding surgery

19  is a *per se* violation of the Eighth Amendment.  Instead, Plaintiff contends that he requires

20  surgery after being repeatedly turned away from the infirmary despite continually worsening

21  pain that adversely impacts the quality of his life. (Pl.'s Compl. 3.)  While Plaintiff lacks the

22  medical expertise to credibly state he requires surgery, the allegation that he is now being

23  ignored by medical staff despite his complaints of pain is sufficient to state a claim under the

24  Eighth Amendment. *Estelle*, 429 U.S. at 104.  The Federal Rules of Civil Procedure require only

25  "a short and plain statement of the claim showing that the pleader is entitled to relief", and that

26  is what the Plaintiff has done when the pleadings are liberally construed.  *See* Fed. R. Civ. P.

27  8(e)(2); *see also Thompson*, 295 F.3d at 895.

28                                                                              5

Alternatively, Defendants contend that the complaint only states a difference of medical opinion that is not actionable under the Eighth Amendment. That argument is unavailing, as every claim of deliberate indifference to serious medical needs at some level states a difference of medical opinion. Defendants would be correct if the *only* allegation in the complaint is that Plaintiff is entitled to surgery. However, Plaintiff also claims that he is in constant pain and that the infirmary "refuses to treat me or see me anymore concerning my hernia." (Doc. #102 at 3.) Therefore, Plaintiff alleges conduct that amounts to the "unnecessary and wanton" infliction of pain that is cognizable under the Eighth Amendment. *See Estelle*, 429 U.S. at 104.

Finally, Defendants argue that Plaintiff continues to receive treatment for his hernia since his incarceration in 2007 and that this is sufficient to satisfy the requirements of the Eighth Amendment. The extent and frequency of the care administered to Plaintiff are unclear, as Defendants neither include any medical records or exhibits with their motion nor describe the care rendered in any significant detail. Furthermore, Plaintiff alleges that at some point in time, he stopped receiving treatment for his condition. (Doc. #102 at 3.) The procedural posture of this motion requires the court to construe all allegations of material fact in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as true. *See Broam*, 320 F.3d at 1028. The unsettled issues regarding the character of the care provided to Plaintiff are more appropriately considered in a motion for summary judgment supported by actual evidence, not a motion to dismiss. Therefore, the motion to dismiss based to failure to state a claim should be denied.

**B.    Qualified Immunity**

"Qualified immunity protects government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Phillips v. Hust*, 477 F.3d 1070, 1079 (9th Cir. 2007). Under certain circumstances, state officials are entitled to qualified immunity when sued in their personal capacities. *Carey v. Nevada Gaming Control Board*, 279 F.3d 873, 879 (9th Cir. 2002). When a state official reasonably believes his or her acts were lawful in light of clearly

6

1  established law and the information they possessed, the official may claim qualified immunity.
2  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay,* 272 F.3d 1207, 1214
3  (9th Cir. 2001). Where "the law did not put the officer on notice that his conduct would be
4  clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v.*
5  *Katz*, 533 U.S. 194, 202 (2001).

6          In analyzing whether the defendant is entitled to qualified immunity, the court must
7  consider two issues. First, the court must make a threshold inquiry into whether the plaintiff
8  alleges a deprivation of a constitutional right, assuming the truth of his factual allegations.
9  *Saucier,* 533 U.S. at 201*; Hope v. Pelzer*, 536 U.S. 730, 736 (2000). As discussed above, the
10 court finds that an Eighth Amendment claim is presented under the facts alleged by Plaintiff.

11          If a constitutional violation did occur assuming the factual allegations, then the court
12 must determine whether the right was recognized at the time of the alleged violation such that
13 the Defendants could have reasonably believed that their conduct was appropriate. *Saucier*, 533
14 U.S. at 202. Defendants argue only that "[t]here is no reason why the Defendants . . . would
15 know or should have known that choosing a conservative treatment plan . . . would violate an
16 inmate's Eight [sic] Amendment right to be free from cruel and unusual punishment". (Defs.'
17 Mtn. 5.) This does not address the allegation that Defendants at some point refused to see
18 Plaintiff for his hernia condition. Defendants have failed to carry their burden to prove this
19 defense. Accordingly, the qualified immunity defense should be denied.

20 **2.   MOTION FOR PRELIMINARY INJUNCTION**

21          A likelihood of success on the merits of the underlying claim is the first factor to consider
22 in deciding whether to grant injunctive relief. Plaintiff must demonstrate a "likelihood" that he
23 will prevail on his Eighth Amendment claim. *See Winter*, 129 S.Ct. at 376. The two-page
24 motion largely consists of Plaintiff's conclusory allegations that he is entitled to surgery without
25 any supporting exhibits or affidavits. He vaguely recounts a series of incidents where Dr. Mar
26 denied him treatment for his hernia, but that narrative does not preclude the possibility that
27 there was a medical explanation for withholding surgery. Plaintiff also contends that he is being

28

1   denied "any and all medical care" for his hernia, but the record indicates that he was seen twice
2   by doctors in 2008 and more recently after filing the instant motion.  Therefore, at least some
3   care has been provided to address Plaintiff's medical complaints, which casts doubt on the
4   validity of his claim for deliberate indifference.  Therefore, Plaintiff has not carried his burden
5   with respect to this requirement for injunctive relief.

6        The second factor for the court to consider is the likelihood of irreparable injury if
7   Plaintiff is denied surgery.  Notably, Plaintiff presents no evidence for his contention that
8   abdominal surgery will cure him of the symptoms he is experiencing, particularly the pain to his
9   kidneys. In his reply to Defendants' opposition, he asserts that a surgeon recommended surgical
10  treatment but offers no evidence of that doctor's order.  Moreover, this contradicts his
11  examination in January 2009, where his doctors concluded that his hernia needed only to be
12  monitored.  According to his doctor's April 2009 affidavit, the hernia presents no immediate
13  danger to Plaintiff. (Defs.' Mtn., Ex. A, at 2.)  Therefore, based on the record before the court,
14  there is no showing of irreparable injury from withholding surgery until the conclusion of this
15  lawsuit, assuming Plaintiff were to prevail.

16       The balance of hardships in this case favors Defendants.  There is no evidence that the
17  symptoms Plaintiff is experiencing will be cured through surgical intervention.  Should this
18  court issue the injunction, however, Defendants would assume significant financial costs for
19  Plaintiff's medical treatment.  It is not apparent what therapeutic benefit would be obtained
20  from the procedure, as doctors have concluded that the hernia needs only to be monitored at
21  this time. (*Id*.) Cost is a legitimate consideration when considering the adequacy of the medical
22  care provided to an inmate, and the Constitution permits officials to decline certain kinds of
23  expensive treatment. *Honeycutt v. Mitchell*, 2009 WL 1421444, at *4 (W.D.Okla. 2009) (citing
24  *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006);  *Reynolds v. Wagner*, 128 F.3d 166,
25  175 (3d Cir. 1997) (Alito, J.)).  It is therefore likely that Defendants would suffer the greater
26  hardship if the court were to grant the injunction.  Moreover, the public interest would not be
27  served by the expenditure of state funds for medical treatment of uncertain value.

28

8

1   Because Plaintiff has failed to carry his burden with respect to any of the requirements
2   for injunctive relief, the court should deny the motion.

3                              **IV. RECOMMENDATION**

4        **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING**
5   Defendants' Motion to Dismiss (Doc. #14) and Plaintiff's Motion for Preliminary Injunction
6   (Doc. #8).

7        The parties should be aware of the following:

8        1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the
9   Local Rules of Practice, specific written objections to this Report and Recommendation within
10  ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's
11  Report and Recommendation" and should be accompanied by points and authorities for
12  consideration by the District Court.

13       2.    That this Report and Recommendation is not an appealable order and that any
14  notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the
15  District Court's judgment.

16       DATED:  July 17, 2009.

17

18                                                _____
                                                   UNITED STATES MAGISTRATE JUDGE
19