**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES H. SUTHERLIN, | 3:08-cv-00640-LRH (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| BRUCE BANNISTER, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion for Summary Judgment. (Doc. #48.)[1] No Opposition has been filed. After a thorough review, the court recommends that Defendants' Motion for Summary Judgment be granted.

**I. BACKGROUND**

At all relevant times, Plaintiff James M. Sutherlin was an inmate in custody of the Nevada Department of Corrections (NDOC) at the Northern Nevada Correctional Center (NNCC). (Pl.'s Compl. 1 (Doc. #1 and 10).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. Defendant Bannister is the NDOC Medical Director, and Defendants Gedney, Johns, and Mar are physicians at NNCC. (*Id.* at 2-3.)

Plaintiff claims that Defendants violated his Eighth Amendment rights by acting with deliberate indifference towards Plaintiff's serious medical needs. (*Id.* at 6-20.) According to

---

[1] Refers to the court's docket number.

Plaintiff, Defendants failed to refer him to a surgeon to repair an inguinal hernia that he has had since 2006 or to otherwise treat his condition. (*Id.* at 3.) Plaintiff seeks injunctive relief, as well as costs and compensatory damages.[2] (*Id.* At 6-7.) Defendants argue that Plaintiff's Eighth Amendment claim fails as a matter of law because there is no genuine issue of material fact as Plaintiff has not shown that Defendants acted with deliberate indifference toward Plaintiff's serious medical need. (Defs.' Mot. for Summ. J. 2 (Doc. # 48).)

## II. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings,

---

[2] The District Court previously denied Plaintiff's Motion for Preliminary Injunction. (Doc. # 37.)

2

but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could lead to further injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

If the medical needs are serious, the plaintiff must show that the defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must demonstrate that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Toguchi*, 391 F.3d at 1061. Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 136 (9th Cir. 1997). Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 858 (1994)). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). Where delay in receiving medical treatment is alleged, however, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

In addition, a prison physician is not deliberately indifferent to an inmate's serious medical needs when the physician prescribes a different method of treatment than that requested by the inmate. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff claims that he repeatedly requested and was denied surgery for his hernia and that NNCC has refused to treat him for his hernia. (Pl.'s Compl. 3.) Defendants argue that they

are entitled to summary judgment because Plaintiff fails to show deliberate indifference to a serious medical need. (Defs.' Mot. for. Summ. J. 17-25.) Assuming without deciding that Plaintiff's condition was sufficiently serious, Plaintiff fails to show that Defendants were deliberately indifferent to an excessive risk to Plaintiff's health and safety.

Plaintiff came to prison with a hernia. (Pl.'s Compl. 3.) The alleged constitutional violation took place between October 31, 2007 and November 21, 2008. (*Id.* at 1.) During this time period, Plaintiff was seen by prison medical personnel on approximately seventeen occasions. (Defs.' Mot. for Summ. J. Ex. A at 2-5, Ex. F.) Many of these visits related to Plaintiff's hernia condition. (*Id.*) During this period of time, Plaintiff's hernia was described as reducing easily as well as spontaneously reducing. (*Id.*) Plaintiff was prescribed a hernia support belt and truss as well as pain medication. (*Id.*) Plaintiff admits he was reclassified to a flat yard, lower bunk, and lower tier. (Pl.'s Compl. 3.) Prison medical personnel even noted that Plaintiff refused to wear his truss or follow other suggestions to treat his hernia. (Defs.' Mot. for Summ. J. Ex. A at 2-5, Ex. F.) At one point, Plaintiff refused further examination. (*Id.*) Plaintiff's medical records do not indicate any signs of incarceration of the hernia. Plaintiff's medical records reveal that the hernia condition was monitored and treated and Plaintiff was seen by health care providers on a regular basis during the time period when the alleged violation occurred.

After the period in which the violation is alleged to have occurred, elective surgery was recommended but denied by the Utilization Review Panel as not medically necessary. (*Id.*) Upon subsequent examination, it was determined that Plaintiff's hernia had increased in size and surgery was again recommended but remained elective. (*Id.*) Plaintiff was eventually referred to Dr. Chryssos for cardiac clearance for hernia repair surgery. (*Id.*) Dr. Chryssos examined Plaintiff and performed tests to clear Plaintiff for surgery. (*Id.*) Dr. Chryssos determined that Plaintiff was in need of left inguinal surgery but determined that coronary artery disease must be ruled out. (*Id.*) As of the date of filing of Defendants' Motion for Summary Judgment, Dr. Chryssos had not yet issued his final report and recommendation

5

regarding Plaintiff's cardiac clearance for left inguinal hernia repair. (Defs.' Mot. for Summ. J. 12.)

No evidence indicates that Defendants exercised a deliberate indifference towards Plaintiff's medical needs by delaying or withholding necessary medical treatment. Instead, the evidence establishes that Plaintiff received responsive and appropriate health care during the period the alleged violation took place.

Plaintiff argues that the medically appropriate course of action would have been to treat him with surgical repair prior to the time surgery was actually recommended on an elective basis, rather than the conservative approach taken by medical personnel to monitor and treat the condition medically. (Pl.'s Compl. 3-4.) The evidence shows that during the period of the alleged violation, Plaintiff's hernia was easily or spontaneously reducing. Once it became apparent that the hernia was not easily reducible, surgery was recommended and Plaintiff was ultimately referred to another physician for cardiac clearance for hernia surgery. Accordingly, Plaintiff merely presents a difference of opinion as to the best course of treatment during the time period of the alleged violation, October 31, 2007 to November 21, 2008. A difference of opinion as to how to treat the condition does not amount to deliberate indifference to a serious medical need. *Franklin*, 662 F.2d at 1344. Plaintiff has not made a showing that the course of treatment chosen by prison medical personnel was medically unacceptable under the circumstances and in conscious disregard of an excessive risk to Plaintiff's health. *Jackson*, 90 F.3d at 332. Indeed, the evidence presented shows that Plaintiff received appropriate treatment for his condition. The prison medical personnel made reasonable and appropriate efforts to address Plaintiff's complaints. He was examined and treated by medical staff concerning his hernia condition on multiple occasions. Plaintiff's medical records belie Plaintiff's claim that he was refused treatment for his injury and negate any claim of deliberate indifference to his medical needs.

Plaintiff fails to show that Defendants were deliberately indifferent. Therefore, Defendants' Motion for Summary Judgment should be granted.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment. (Doc. #48.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 25, 2010.

_____
UNITED STATES MAGISTRATE JUDGE